IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA DAVIS,

    Plaintiff,

v.                                          Civil No. 03-885 WJ/RHS

SAN JUAN COUNTY GOVERNMENT,
THOMAS HAVEL, in his Official and
Individual Capacity, JACK FORTNER,
in his Official and Individual Capacity,
and TONY ATKINSON, in his Official
and Individual Capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION
FOR JUDGMENT NOTWITHSTANDING THE VERDICT,
OR IN THE ALTERNATIVE, FOR AMENDMENT OF JUDGMENT**

    THIS MATTER comes before the Court pursuant to Defendants' Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for Amendment of Judgment [Docket No. 72]. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken in part and will be granted in part and will otherwise be denied.

**BACKGROUND**

    Plaintiff filed her Complaint in this case on July 29, 2003 alleging gender discrimination in violation of title VII, age discrimination in violation of the ADEA, a violation of her First Amendment rights, and a violation of her Fourteenth Amendment right to Equal Protection.

Plaintiff also alleged state law claims for wrongful retaliatory discharge (discharge in violation of public policy), breach of contract and breach of the covenant of good faith and fair dealing.  By Memorandum Opinion and Order filed October 5, 2004, this Court granted summary judgment in favor of Defendants on Plaintiff's ADEA and Fourteenth Amendment Equal Protection claims. See Docket No. 31.    Plaintiff's remaining claims were tried to a jury.

Defendants made a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 as to all of Plaintiff's claims at the close of Plaintiff's case in chief.  The Court granted judgment as a matter of law in favor of Defendants on Plaintiff's breach of contract claim.  Plaintiff's theory of recovery on this claim was that a contract of employment could be implied from the San Juan County Personnel Handbook, that the equal employment opportunity language in the handbook was a term of the agreement, and that the Defendants breached the employment agreement by failing to provide equal employment opportunities.  Citing Stieber v. Journal Publishing Co., 901 P.2d 201, 205 (N.M. App. 1995), the Court ruled that, under New Mexico law, general equal employment opportunity policy language in an employee handbook cannot form the basis of a breach of contract claim.  The Court denied Defendants motion for judgment as a matter of law with regard to Plaintiff's claims for discharge in violation of public policy, breach of the covenant of good faith and fair dealing, violation of the First Amendment and violation of Title VII. Defendants renewed their motion for judgment as a matter of law with regard to these claims at the close of all the evidence, and the Court denied the renewed motion.  Accordingly, these claims were submitted to the jury.

On the issue of damages, the jury was basically given the same damages instructions for all of Plaintiff's claims, and was permitted to consider damages for lost wages and benefits for

Plaintiff's federal and state law.  See Court's Instructions to the Jury, Docket No. 69, Jury Instruction Nos. 18 and 19.  However, with regard to emotional distress damages, the jury was instructed that it could award such damages if it found for Plaintiff on her claims under the First Amendment, Title VII or on her claim for discharge in violation of public policy.  See Id.  The jury was not instructed that it could award emotional distress damages on Plaintiff's claim of breach of the covenant of good faith and fair dealing.  See Docket No. 69, Jury Instruction No. 19.  The Court's Jury Instruction number 19 was based on the New Mexico Uniform Jury Instruction (UJI) 13-2310 which specifies that emotional distress damages are available for discharge in violation of public policy but does not instruct that such damages are available for breach of an implied employment contract.  The committee comment for UJI 13-2310 notes that damages for emotional distress are ordinarily not recoverable in actions based on breach of an implied employment contract and cites Silva v. Albuquerque Assembly & Distribution Freeport Warehouse Corp., 738 P.2d 513, 514 (N.M. 1987).

On the verdict form, a single question was posed for damages regarding Plaintiff's Title VII, First Amendment and discharge in violation of public policy claims.  See Docket No. 70, question 14.  However, the question regarding damages for Plaintiff's claim for breach of the covenant of good faith and fair dealing was asked separately.  See Docket No. 70, question 15.  This reflected the Court's instructions to the jury regarding damages clearly differentiating the damages available for Plaintiff's claim for breach of the covenant of good faith and fair dealing.

The jury returned a verdict in favor of Plaintiff on her claim for wrongful discharge in breach of the covenant of good faith and fair dealing, but found for Defendants on Plaintiff's claim for discharge in violation of public policy and her claims under Title VII and the First

3

Amendment. The jury awarded damages to Plaintiff in the amount of $70,875 for lost wages and benefits and in the amount of $79,124.99 for pain and suffering.

Judgment was entered on the verdict on February 16, 2005. See Docket No. 71. The judgment specifies that judgment is entered for Plaintiff on her claim for breach of the covenant of good faith and fair dealing. The judgment also specifies that damages awarded on the claim are $70,875.00 for lost wages and benefits and $79,124.99 for pain and suffering. On February 19, 2005, Defendants filed the instant motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b). Defendants alternatively seek to amend the Judgment pursuant to Fed. R. Civ. P. 59(e).

**DISCUSSION**

I.   DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

A party is entitled to judgment as a matter of law only if there is no legally sufficient evidentiary basis for the claim. Guides, Ltd. v. Yarmouth Group Property Management, Inc., 295 F.3d 1065, 1073 (10th Cir. 2002). When a defendant seeks judgment as a matter of law, the controlling question is whether the plaintiff has arguably proven a legally sufficient claim. Bristol v. Board of County Com'rs of County of Clear Creek, 312 F.3d 1213, 1216-17 (10th Cir. 2002).

Defendants argue that Plaintiff's claim for breach of the covenant of good faith and fair dealing should never have been submitted to the jury. They urge that a claim for breach of the covenant of good faith and fair dealing is derivative of a claim for breach of contract. It follows, according to Defendants, that the Court's granting of judgment as a matter of law on Plaintiff's breach of contract claim foreclosed any claim for breach of the covenant of good faith and fair dealing.

4

New Mexico recognizes a separate cause of action for breach of the implied covenant of good faith and fair dealing in employment contracts that are not at-will employment arrangements. Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 857 (N.M. 1994).  The implied covenant of good faith and fair dealing depends upon the existence of an underlying contractual relationship.  Azar v. Prudential Ins. Co. of America, 68 P.3d 909, 925 (N.M. App. 2003). Additionally, the implied covenant of good faith and fair dealing cannot override express provisions addressed by the terms of an integrated, written contract.  Melnick v. State Farm Mut. Auto. Ins. Co., 749 P.2d 1105, 1110 (N.M. 1988).  However, there is nothing under New Mexico law that requires that a breach of an express term of a contract be proved before a Plaintiff may recover for a breach of an implied term.  Accordingly, there is nothing under New Mexico law that makes a cause of action for breach of the implied covenant of good faith and fair dealing derivative of a claim for breach of contract.

Defendants cite to cases from other jurisdictions to support their argument that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is derivative of the breach of contract claim.  These cases offer nothing germane to the issue in this case because they were decided in jurisdictions that do not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing.  See Orthomet, Inc. v. A.B. Medical, Inc., 990 F.2d 387, 392 (8th Cir. 1993) (affirming dismissal of claim for breach of implied covenant of good faith and fair dealing because neither Florida nor Minnesota, the states whose laws might apply to the case, recognize an independent cause of action for breach of the implied covenant); LaSalle Nat'l Bank v. Metropolitan Life Ins. Co., 18 F.3d 1371, 1376 (7th Cir. 1994) (affirming dismissal of claim for

breach of implied covenant of good faith and fair dealing because the state of Illinois does not recognize an action for breach of the implied covenant).

Defendants also cite to Bourgeous and argue that it supports their position. In Bourgeous, the plaintiff had been employed by the defendant, and her employment had been terminated. The parties stipulated that there was an employment contract governing the relationship between the plaintiff and defendant that limited the circumstances for which the plaintiff's employment could be terminated. The plaintiff brought, among others, claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The trial court had directed a verdict in favor of the defendant on the claim for breach of the implied covenant of good faith and fair dealing. The claim for breach of contract was tried to a jury, and a verdict was returned in the plaintiff's favor.

As already noted, the New Mexico Supreme Court in Bourgeous held that the plaintiff could bring a claim for breach of the implied covenant of good faith and fair dealing with regard to her employment contract, and that a verdict should not have been directed on the claim. 872 P.2d at 857. The court also held that a claim for breach of the implied covenant of good faith and fair dealing sounds in contract, and that contract rather than tort damages are the appropriate remedy for such a breach. Id. Finally, the court ruled that the case would not be remanded for a trial on the claim for breach of the implied covenant of good faith and fair dealing because the remedies available for the claim would be same as those already recovered by the plaintiff on her breach of contract claim, and the plaintiff was not entitled to recover more than one compensatory damage award. Id.

The court in <u>Bourgeous</u> did not hold that a claim for breach of the covenant of good faith and fair dealing was derivative of a claim for breach of contract. Given the court's ruling that a plaintiff cannot recover for both a breach of the implied covenant of good faith and fair dealing and a breach of contract, concluding that a breach of implied covenant claim is derivative of a breach of contract claim would render any claim for breach of the implied covenant superfluous, and would eviscerate it as a separate cause of action. <u>Bourgeous</u> cannot be read to overrule New Mexico law creating an independent cause of action for breach of the implied covenant of good faith and fair dealing. Accordingly, Defendants' renewed motion for judgment as a matter of law shall be denied.

II.     DEFENDANTS' MOTION FOR AMENDMENT OF JUDGMENT

Defendants' motion for amendment of judgment seeks to amend the judgment by striking the $79,124.99 award for pain and suffering on Plaintiff's claim for breach of the covenant of good faith and fair dealing. Defendants argue that the award of damages for pain and suffering was contrary to law and contrary to the Court's Instructions.

Under Rule 59 (e), a court may amend a judgment to correct a clear error of law. <u>Benjamin Moore & Co.</u>, 318 F.3d 626, 629 (5th Cir. 2002). The damages available for a breach of the covenant of good faith and fair dealing are those that would be available for a claim on the contract itself. <u>Bourgeous</u>, 872 P.2d at 857. Emotional distress damages are not recoverable in a breach of employment contract case unless a plaintiff shows that the parties contemplated damages for emotional distress at the time the contract was made. <u>Id.</u> at 858.

Plaintiff argues that the damages for emotional distress in this case are proper because the parties contemplated emotional distress damages at the time of Plaintiff's employment. Plaintiff's

7

argument is more than a day late and dollar short.  This case was not tried to the jury in a posture contemplating emotional distress damages on Plaintiff's claim for breach of the covenant of good faith and fair dealing, and the jury was not instructed that it could consider emotional distress damages on that claim.[1]  Accordingly, the verdict awarding damages for pain and suffering on Plaintiff's claim for breach of the covenant of good faith and fair dealing was not in accordance with the Court's instructions and the judgment entered on those damages constitutes a clear error of law.  Accordingly, Defendants' motion to amend the judgment shall be granted, and the award of damages for pain and suffering shall be stricken.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for Amendment of Judgment [Docket No. 72] is hereby DENIED IN PART  to the extent it seeks judgment as a matter of law on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

IT IS FURTHER ORDERED that Defendants' Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for Amendment of Judgment [Docket No. 72] is hereby GRANTED IN PART to the extent it asks the Court to amend the judgment.  An Amended Judgment consistent with the Court's rulings in this Memorandum Opinion and Order shall be issued.

_____
UNITED STATES DISTRICT JUDGE

---

[1] If the jury had been instructed that it could award emotional distress damages on Plaintiff's claim for breach of the covenant of good faith and fair dealing, the instructions would have required the jury to find that the parties contemplated such damages at the time the contract was made.  No such instruction was offered or given.